**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RENE HERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, L.L.C., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1.      Plaintiff Rene Hernandez brings this action to secure redress against Portfolio

Recovery Associates, L.L.C., for automated telephone harassment.  Plaintiff alleges violation of

the Telephone Consumer Protection Act, 47 U.S.C. §227, the Fair Debt Collection Practices Act,

15 U.S.C. §1692d ("FDCPA"), and state law.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1337 and

1367 and 15 U.S.C. §1692k.

3.       Because defendant does business here, and because its collection

communications were received by plaintiff here, venue and personal jurisdiction in this District

are proper.

## PARTIES

4.      Plaintiff Rene Hernandez is a resident of the Northern District of Illinois.

5.      Defendant Portfolio Recovery Associates, L.L.C. is a Delaware corporation with

principal offices at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502.  It does business in

1

Illinois.  Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

6.      Portfolio Recovery Associates, L.L.C.  is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

## FACTS

7.      Portfolio Recovery Associates, L.L.C. used automated telephone dialing equipment to make collection calls to plaintiff's cell phone.

8.      The calls were made for the purpose of collecting one or more credit card debts incurred for personal, family or household purposes.

9.      Plaintiff did not provide the cell phone number to Portfolio Recovery Associates, L.L.C., or the original creditor.

10.      Portfolio Recovery Associates, L.L.C. placed over 400 calls to plaintiff's cell phone on or after January 24, 2007 (four years prior to the filing of *Frydman v. Portfolio Recovery Associates, L.L.C.*, 1:11-cv-00524 (N.D.Ill.), a class action in which plaintiff was a class member and from which plaintiff opted out).

11.      As a result of defendant's conduct, plaintiff suffered injury, in the form of:

        a.      Aggravation and annoyance;

        b.      Loss of time;

        c.      Loss of battery life.

## COUNT I  – TELEPHONE CONSUMER PROTECTION ACT

12.      Plaintiff incorporates paragraphs 1-11.

13.      By making such calls, Portfolio Recovery Associates, L.L.C. violated 47 U.S.C.

2

§227(b)(1):

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ....**
>
> > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call....**

14.    Violations of the TCPA are actionable, even if they are only negligent.

15.    Those who violate 47 U.S.C. §227 are liable under 47 U.S.C. §227(b)(3)

> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendant for:

> a.    Statutory damages,
>
> b.    An injunction against further violations,
>
> c.    Expenses and costs of suit, and
>
> d.    All other proper relief.

3

## COUNT II  – FAIR DEBT COLLECTION PRACTICES ACT

16.     Plaintiff incorporates paragraphs 1-11.

17.     Defendant's placement of over 400 calls to plaintiff's cell phone constituted

harassing or abusive conduct in violation of 15 U.S.C. §1692d:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section ....**
>
> > **(5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendant for:

a.     Statutory damages,

b.     Actual damages,

c.     Attorney's fees, litigation expenses and costs of suit, and

d.     All other proper relief.

## COUNT III  – ILLINOIS CONSUMER FRAUD ACT

18.     Plaintiff incorporates paragraphs 1-11.

19.     Defendant's actions constitute unfair acts and practices, in violation of 815 ILCS

505/2.

20.     Defendant engaged in such actions in the course of trade and commerce.

21.     Defendant engaged in such actions for the purpose of obtaining money from

plaintiff.

22.     Defendant's actions were wilful and malicious.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendant for:

       a.     Actual and punitive damages,

       b.     An injunction against further violations,

       c.     Attorney's fees, litigation expenses and costs of suit, and

       d.     All other proper relief.


                  s/ Daniel A. Edelman
                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

T:\33385\Pleading\Complaint_Pleading.WPD

## <u>VERIFICATION</u>

    The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of the undersigned's knowledge and belief.

René Hernandez

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

7

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman